# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-1071V
Filed: May 22, 2019
UNPUBLISHED

| | |
|---|---|
| CHERYL DESNICK,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Jazz Hampton*, Foley & Mansfield, PLLP, Minneapolis, MN, for petitioner.
*Lara Ann Englund*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On August 7, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of her August 31, 2014 influenza ("flu") vaccination. Petition at 1. On August 28, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 30.

On March 1, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 36. Petitioner requests attorneys' fees in the amount of $23,952.50 and attorneys'

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $1,096.17. *Id.* at 3. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. *Id.* at 3. Thus, the total amount requested is $25,048.67.

On March 6, 2019, respondent filed a response to petitioner's motion. ECF No. 37. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## I. Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit endorses the lodestar approach to determine reasonable attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under the lodestar approach, a court makes "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). After this initial calculation, the court "may then make an upward or downward departure to the fee award based on other specific findings." *Id.* at 1348.

The reasonableness standard applies both to attorneys' fees and costs. *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 315 (2008). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *Id.* at 316-18. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line

analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## II.   Attorneys' Fees

Upon review of the billing records the undersigned reduces the request for attorneys' fees and costs due to excessive hourly rates, paralegal tasks billed at an attorney rate, administrative charges, and non-compensable fees and costs.

### A.  Hourly Rates

Petitioner requests hourly rates for the attorneys and paralegal who worked on his case at the following rates for all time worked:

- Jazz A. Hampton, associate, $225 per hour
- Eric Lindenfeld, associate, $225 per hour
- Michael Haag, of counsel, $325 per hour
- Seymour Mansfield, of counsel, $325 per hour
- Richard Hunding, paralegal, $125 per hour

ECF No. 36 at 2.

The undersigned finds the rates for Jazz Hampton and Eric Lindenfeld excessive based on their overall legal experience, the quality of work performed, and their lack of experience in the Vaccine Program. *McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). The undersigned has utilized the OSM Attorneys' Forum Hourly Rate Schedules for years 2015 – 2018 in reviewing and setting appropriate hourly rates in this case. These schedules are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914. The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules. *See McCulloch*, 2015 WL 5634323, at *19.

3

### i. Jazz Hampton, Esq.

The undersigned finds the requested rate of $225 per hour excessive based on Mr. Hampton's overall legal experience and his lack of experience in the Vaccine Program. *See McCulloch*, 2015 WL 5634323, at *17. Mr. Hampton has been licensed in the state of Minnesota since 2015, placing him in the range of attorneys with less than four years' experience for his work performed throughout the case. The OSM Attorneys' Forum Hourly Rate Schedules provides as follows:

- Less than four years' experience (2017) $153 - $230 per hour
- Less than four years' experience (2018) $159 - $238 per hour

While Mr. Hampton's requested rate of $225 per hour is within the requested range for work performed in 2017 and 2018, it is at the high end of the range. The undersigned finds that Mr. Hampton lacked the practice experience to justify an hourly rate of $225 in 2017. Due to Mr. Hampton's limited legal experience in general, two years in 2017, and in particular his inexperience in the Vaccine Program, the undersigned finds cause to reduce his requested hourly rate commensurate with his practice experience. As such, the undersigned reduces Mr. Hampton's rate for 2017 to $200 per hour and will award the rate of $225 per hour for time worked in 2018. This reduces the request for attorneys' fees in the amount of **$717.50**.[3]

### ii. Eric Lindenfeld, Esq.

As with Mr. Hampton, the undersigned finds the requested rate for Mr. Lindenfeld is excessive based on his limited legal experience in general and his lack of specific experience in the Vaccine Program. *See McCulloch*, 2015 WL 5634323, at *17. Mr. Lindenfeld was licensed in the state of Minnesota in 2016, giving him less than one year of experience as a licensed attorney when he worked on this case.[4] ECF No. 36 at 3. As such, the undersigned reduces Mr. Lindenfeld's rate from $225 per hour to $175 per hour. This reduces the request for attorneys' fees in the amount of **$650.00**.[5]

### iii. Other Hourly Rates

The undersigned finds the requested rates for attorneys Michael Haag and Seymour Mansfield, as well as paralegal Richard Hunding, appropriate and awards the requested rates.

---

[3] This amount consists of $225- $200 = $25 x 28.7 hrs = $717.50.

[4] Billing records show Mr. Lindenfeld only billed for time in 2016.

[5] This amount consists of $225- $175 = $50 x 13 hrs = $650.00.

iv. Paralegal Tasks Performed by Attorneys

The undersigned also finds it necessary to reduce the attorneys' requested rates for time billed on paralegal tasks. Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Health & Human Servs.,* 99-382V, 2009 WL 3319818, *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Billing records submitted show attorneys billed 7.7 hours of time for work for on tasks that are more appropriately categorized as paralegal in nature. Examples[6] of these entries include:

- December 17, 2015 (0.50 hrs) "Investigation regarding treating physicians"
- September 19, 2016 (1.10 hrs) "Draft cover sheet to accompany petition to be submitted to the United States Court of Federal Claims"
- July 31, 2017 (2.30 hrs) "Draft additional documentation for filing including the cover letter and exhibit list in preparation for filing the petition"
- August 17, 2017 (1.20 hrs) "Assist in the preparation of the new exhibit list, and collection of filing documents in preparation for filing the updated exhibits"

ECF No. 36-2 at 2-3 and 5-6.

The undersigned reduces 7 hours of time billed at an attorney rate for performing paralegal tasks to the paralegal rate of $125.00 per hour. This results in a reduction of the fees requested in the amount of **$1,190.00**.[7]

B. Reduction of Billable Hours

i. Administrative Time

Upon review of the billing records submitted, it is apparent that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within

---

[6] These are merely examples and not an exhaustive list.

[7] This amount consists of ($175 - $125 = $50 x 1.1 hrs = $55) + ($200 - $125 = $75 x 4.2 hrs = $315) + ($225 - $125 = $100 x 2.4 hrs = $240) + ($325 - $125 = $200 x 2.9 hrs = $580) = $1,190.00. Rates for tasks considered paralegal are reduced from the already reduced attorney rates.

5

the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 3 hours was billed on tasks considered administrative, including: receiving documents, forwarding correspondence, and paying invoices. Examples[8] of these entries include:

- August 17, 2017 (1.20 hrs) "Prepare new exhibits for filing"
- November 6, 2017 (0.60 hrs) "Review invoice received form Ciox Health in response to my request for additional medical records; arrange to make credit card payment for the records and provide summary to attorney"
- August 16, 2018 (0.80 hrs) "Obtain the signed settlement from Desnick and have the original copy sent to the opposing counsel"

ECF No. 36-2 at 5, 7 and 8.

The undersigned reduces the request for attorney fees requested in the amount of **$385.00**.[9]

ii.. Non-Compensable Billing

The undersigned also finds it necessary to reduce Mr. Hampton's request for attorney fees for tasks that are not compensable, including time researching aspects of the Vaccine Program and admission to the bar of the U.S. Court of Federal Claims. A total of 7.2 hours is reduced for time billed on tasks that are considered non-compensable. "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). Examples[10] of these entries include:

- September 21, 2016 (0.40 hrs) "Review official sample complaint; exchange emails with team regarding completing assignment"
- September 30, 2016 (1.20 hrs) "Investigate procedure to become admitted to federal court of claims for purposes of filing client's petition"

---

[8] These are merely examples and not an exhaustive list.

[9] This amount consists of 1.8 hours at $125 per hour and 0.80 hours at the reduced rate of $200 per hour.

[10] These are merely examples and not an exhaustive list.

- June 5, 2017 (0.80 hrs) "Draft a memorandum outlining the procedural process for admission into the US Court of Federal Claims"
- August 28, 2018 (1.50 hrs) "Extensive review of the Vaccine Rules of the United States Federal Court of Federal Claims and draft an outline of next steps in this litigation"

ECF No. 36-2 at 2-3, 6 and 8.

Therefore, the undersigned reduces the fee request by **$1,445.00**[11], for time billed on tasks that are non-compensable.

### III. Attorney Costs

Petitioner requests reimbursement for attorney costs in the amount of $1,096.17. After reviewing petitioner's invoices, the undersigned finds one requested cost that is non-compensable. Just as an attorney cannot bill the program to research admission to the Court of Federal Claims, the cost for admission to the Court of Federal Claims is also non-compensable. *Raymo v. Sec'y of Health & Human Servs.*, No. 11–654V, 2016 WL 7212323, at *12 (Fed. Cl. Spec. Mstr. Nov. 2, 2016), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016); *Oswalt v. Sec'y of Health & Human Servs.*, No. 03-2153V, 2011 WL 2149932 (Fed. Cl. Spec. Mstr. May 2, 2011) (denying fees for time spent preparing application for admission to the USCFC bar); *Ceballos v. Sec'y of Health & Human Servs.*, No. 99-97V, 2004 WL 784910 (Fed. Cl. Spec. Mstr. Mar. 25, 2004) (the admission fee for the USCFC bar is not recoverable).

Petitioner's summary of costs reflects a cost of $281.00 billed as "U.S. Clerk of Court – Other Professionals – Admission fee for Attorney Seymour Mansfield to be admitted to practice in US Court of Federal Claims." ECF No. 36-3 at 2. Therefore, the undersigned reduces the request for attorneys' costs by **$281.00**.

### IV. Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

| | |
|---|---:|
| Requested attorneys' fees: | $23,952.50 |
| Less reduction for Mr. Hampton's rate: | - 717.50 |
| Less reduction for Mr. Lindenfeld's rate: | - 650.00 |
| Less reduction to paralegal rate: | - 1,190.00 |
| Less reduction for administrative entries: | - 385.00 |
| Less non-compensable billing entries: | - 1,445.00 |

---

[11] This amount consists of ($175 x 3.3 hrs = $577.50) + ($200 x 2 hrs = $400) + ($225 x 1.5 hrs = $337.50) + ($325 x 0.4 hrs = $130) = $1445.00. Rates for tasks considered paralegal are reduced from the already reduced attorney rates.

| | |
|---|---:|
| **Adjusted Fees Total:** | **$19,565.00** |
| Requested attorney costs: | $1,096.17 |
| Less reduction for bar admission: | - 281.00 |
| **Adjusted Costs Total:** | **$815.17** |
| **Total Attorneys' Fees and Costs Awarded:** | **$20,380.17** |

**Accordingly, the undersigned awards the total of $20,380.17[12] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Jazz A. Hampton.**

The clerk of the court shall enter judgment in accordance herewith.[13]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[12] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[13] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.